BERTRAND, Respondent, v. ST. LOUIS TRANSIT COMPANY, Appellant.

St. Louis Court of Appeals, November 1, 1904.

1. **DAMAGES: Accord and Satisfaction.** In an action for damages for injuries received by the plaintiff while a passenger on one of defendant's cars, an agreement for a consideration, to release the defendant from liability on account of such injuries, made immediately after the accident while the plaintiff was in a dazed condition of mind on account of a blow on the back of her head and a glass of whiskey administered by the attending physician was offered in defense of the action. *Held*, that although there was no actual fraud used in procuring the plaintiff's signature to the contract of release, the question of whether she was able to understand the nature of the contract, was properly submitted to the jury.

2. ———: ———: **Tender.** A tender before suit by the plaintiff's attorney to the general claim agent of defendant of the amount paid by the defendant to the plaintiff as a consideration for the alleged release, must be held a sufficient tender, where there was no evidence to show any want of authority on the part of the claim agent to receive it, and where no instructions were asked by either party submitting the issue of tender or no tender to the jury.

3. **APPELLATE PRACTICE: Issue Not Submitted to Jury.** The appellate court can not be called upon to determine an issue of fact, which neither party sought to submit to the jury by instruction on the trial of the case in the court below.

Appeal from St. Louis City Circuit Court.—*Hon. H. D. Wood*, Judge.

AFFIRMED.

*Boyle, Priest & Lehmann, George W. Easley* and *Glendy B. Arnold* for appellant.

The court erred in refusing to give defendant's instruction in the nature of a demurrer, offered at the close of the plaintiff's evidence. The record does not

show that plaintiff returned, or offered to return, before bringing this suit, the money paid her by defendant as a consideration of the release signed by her, releasing the cause of action sued on. In an action at law, if a plaintiff has received money from, and which is intended by, defendant as a consideration of a release of the cause of action sued on, it is a prerequisite to plaintiff's right to sue that she return, or offer to return, to defendant the money thus received, unless she would be entitled to retain the money in any event of the suit. Jarrett v. Morton, 44 Mo. 276; Lockwood v. Railroad, 65 Mo. 233; Melton v. Smith, 64 Mo. 324; Estes v. Reynolds, 75 Mo. 563; Och v. Railroad, 130 Mo. 27; Carson v. Smith, 133 Mo. 606, 34 S. W. 855; Taylor v. Short, 107 Mo. 384, 17 S. W. 970; Schultz v. Christman, 6 Mo. App. 342; Cahn v. Reid, 18 Mo. App. 115; White v. Machine Co., 27 Mo. App. 474; Keen v. Engine Co., 34 Mo. App. 485; Poe v. Stockton, 39 Mo. App. 550; Alexander v. Railroad, 54 Mo. App. 70; Shoe Co. v. Bank, 59 Mo. App. 662; Retzer v. Dold Packing Co., 58 Mo. App. 264; Kirk & Co. v. Seeley, 63 Mo. App. 262; Banking Co. v. Ins. Co., 75 Mo. App. 316; 1 Beach on Modern Law of Contracts, secs. 792-793; Railroad v. Railroad, 66 N. H. 100, 20 Atl. 386; Vanderveldon v. Railroad, 61 Fed. 58; Railroad v. Brazil, 73 Tex. 233, 10 S. W. 403; Cleary v. Elec. Lt. Co., 19 N. Y. Supp. 951. The tender must be to some person who has authority to receive the money. Mahan v. Waters, 60 Mo. 167, 25 Am. and Eng. Ency. of Law, 918. The party making the tender should declare the purpose thereof.

*John C. Robertson* and *Walther & Muench* for respondent.

(1) The question of plaintiff's mental capacity and of fraud in the procurement of the release, were for the jury, and if there was any substantial evidence

to support the jury's finding, the verdict is conclusive. R. S. 1899, sec. 654; Moore v. Railroad, 73 Mo. 438; Sandford v. Ins. Co., 11 Wash. 653. (2) Every fact which the evidence tends to prove, though but in the slightest degree, must be taken as admitted by an instruction in the nature of a demurrer, and every inference which the evidence tends to show in plaintiff's favor should be drawn. Bender v. Railway, 137 Mo. 240, 37 S. W. 132; Wilkerson v. Railway, 26 Mo. App. 144; Field v. Railway, 46 Mo. App. 449. (3) If plaintiff did not have sufficient mental capacity at the time she executed the release, to understand its effect, or was induced by the conduct of defendant's agent to believe that she was signing a different sort of agreement, then the release was void. Girard v. St. Louis Car Wheel Co., 123 Mo. 368, 46 Mo. App. 79, 27 S. W. 648; Railroad v. Doyle, 18 Kan. 58; Blair v. Railroad, 89 Mo. 303; Butler v. Railroad, 88 Ga. 598; Lusted v. Railroad, 71 Wis. 391; Railroad v. Lewis, 13 Ill. App. 169, 109 Ill. 120; Railroad v. Harris, 158 U. S. 326; Vautrain v. Railway, 8 Mo. App. 543, 78 Mo. 44; Smith v. Holyoke, 112 Mass. 517; Rosenberg v. Doe, 148 Mass. 560; Mullen v. Railroad, 127 Mass. 86; Bliss v. Railroad, 160 Mass. 447.

BLAND, P. J.—Plaintiff was a passenger on one of the defendant's street cars, in the city of St. Louis, that collided with another of defendant's cars. The force of the collision threw plaintiff from her seat, and the back of her head, at the base of the brain, struck the back of the seat with such violence as to render her unconscious for some moments. She was taken from the car and placed in a waiting car where some one (charged to have been a physician in the employ of the defendant) administered to her a half tumbler of whiskey. In the course of about three hours she, accompanied by two lady friends, was driven to her home in a carriage. When she arrived at home, she found

William F. Reddy, claim agent for the defendant waiting for her. After plaintiff was assisted into the house and to a seat, Reddy proceeded to make a settlement with her of her claim for damages caused by the injuries she had received. After the exchange of a very few words about plaintiff's employment and her earnings per week, Reddy prepared an instrument, by filling in the blanks in a printed form used in the settlement of such claims, and presented it to plaintiff for her signature, at the same time handing her twenty-five dollars in currency in payment of what he estimated plaintiff would lose in wages. Plaintiff signed the writing and her signature was witnessed by the two ladies who accompanied her to her home. The writing is as follows:

"VOUCHER No. 100.

"Entered in February, 1903.
"Release of claim of Miss Laura M. Bertrand.
"Address, 4120 North Twenty-third street.
"Date of accident, February 11, 1903.
"Line Clayton. Location, Forsythe Junction.
"Charge to R. P. Damages $25.

"For and in consideration of the sum of twenty-five dollars ($25) to me in hand paid by the St. Louis Transit Company, the receipt of which is hereby acknowledged, I, the undersigned, hereby fully and forever release, acquit and discharge the said St. Louis Transit Company, its successors and assigns, from any and all liability, now accrued or hereafter to accrue, on account of any and all claims or causes of action which I now or may hereafter have against said company, its successors or assigns, in any way arising from any and all injuries, losses and damages by me or my property sustained or received on or about February 11, 1903, through me being injured and property damaged whilst a passenger on one of two cars of said company which collided with each other at or near the intersec-

tion of Forsythe Junction and DeBaliviere avenue in the city of St. Louis, Missouri, and I hereby declare that I fully understand the terms of this settlement and that I voluntarily accept said sum for the purpose of making a full and final compromise, adjustment and settlement of the injuries and damages above mentioned.

"Witness my hand this eleventh day of February, 1903.                    "Laura M. Bertrand.

"The foregoing release was signed by Miss Laura M. Bertrand in our presence after being read to her at length.            "Alice Madden,

               "Martha G. Fitzgerald,

                              Witnesses.

"W. F. Reilitz,                          Correct:

                     "W. P. Palmer,

"Correct:                          General Claim Agent.

   "M. B. Bracken,

     "Chief Clerk, Claim Department."

The suit was to recover for the injuries plaintiff sustained in the collision. The answer was, first, a general denial and, second, a plea of accord and satisfaction, alleging the execution by plaintiff of the release. A reply was filed denying the validity of the release and alleging that it was obtained by false and fraudulent representations, etc., that its contents were not made known to plaintiff; that she did not read it and it was not read to her; that she signed it believing it to be a receipt only for twenty-five dollars, and that as a result of her injuries, she was in such a dazed and stupid condition of mind at the time she signed the instrument as not to be able to understand and comprehend its nature, purpose or contents. The issues were submitted to the jury, who, under substantially correct instructions given by the court, found for the plaintiff and assessed her damages at $2,500. Defendant appealed in the usual way.

It is not claimed that the verdict is excessive. The nature of the injury and its probable effect on the mind of the plaintiff at the time she signed the release is important on the issue of her mental capacity at such time, and for this reason we will proceed to state the substance of the evidence relative to the injury and its probable effect. Plaintiff testified that at the time she signed the writing she was "awfully dizzy and dull," that Reddy asked her what her occupation was and she told him she was a stenographer. He asked what she earned per week and she told him twelve dollars and a half; that he replied, "You will lose about two weeks' work or twenty-five dollars," and handed her twenty-five dollars, and that she though she was signing a receipt for her wages; that she did not read the instrument she signed and could not remember that it was read to her. Dr. Wilson testified that he treated plaintiff on the day or the day after she received the injury and found her suffering from a concussion of the spinal cord and cerebrum; that the muscles of her throat were partially paralyzed and she was in a very nervous condition. The doctor was asked what would be the probable effect on plaintiff of a glass of whiskey taken shortly after the shock and injury to the base of the brain in three hours after it was taken. He answered that her mind would not be clear, that she would still be intoxicated. Dr. C. H. Hughes, specialist on mental and nervous diseases, who visited plaintiff, testified as follows in respect to plaintiff's mental condition a few hours after the injury:

"I should say that the condition of the mind of that person, judging from the present condition, as manifested on the witness stand, was probably not normal; and judging from the testimony, I should say that the probabilities are that she was in a state of mental confusion; that would make the quality of her mental observation very unsatisfactory and very uncertain. Of course, I could not say definitely as to the

precise degree of mental derangement she might have had at that time. But people after a concussional accident are seldom their normal selves. Even after the ordinary accident, unexpected accidents, people are confused and disturbed a great deal mentally.''

In respect to the effect of the whiskey administered to plaintiff, Dr. Hughes said it would tend to confuse her mental faculties.

Defendant's evidence tends to show that no advantage was sought or intentionally taken by Reddy of the plaintiff's condition; that her condition as described by her and her physicians was not known to Reddy at the time; that the release was read to plaintiff and she apparently understood its contents and what she was about. Mr. Muench, one of plaintiff's attorneys, testified that prior to the commencement of the suit he went to the office of defendant's claim agent and there tendered to defendant's principal claim agent and his first assistant twenty-five dollars, the amount that had been paid plaintiff, but they refused to accept it.

Defendant makes two assignments of error. The first is that the court erred in refusing to grant its demurrer to the evidence at the close of the entire case and, second, the court erred in refusing to grant a like instruction at the close of plaintiff's case. These assignments of error might be treated under one head, but they were discussed in the oral argument under the two phases of the case presented by the evidence. First, that the evidence was insufficient to warrant a setting aside of the written release on any ground, and, second, that a tender of the twenty-five dollars paid plaintiff was indispensable to her right to sue on her original cause of action, and that there is no evidence that the tender was made. In respect to the first contention, we think the evidence fails to show that either Reddy, the claim agent, or the plaintiff was aware of the serious nature of the plaintiff's injuries at the time the release was signed, and there is no substantial evi-

·dence that any actual fraud or deceit was practiced by Reddy on the plaintiff in procuring her signature to the instrument, but we do think there is abundant evidence to show that plaintiff, at the time she signed the paper, was in such a confused and stupid 'mental condition from the effects of her injury and of the whiskey that had been administered to her that she was mentally incapacitated to make a contract. The evidence in respect to the tender is as follows:

"Q. Will you please state your name? A. Julius T. Muench.

"Q. You are an attorney at law? A. Yes, sir.

"Q. I will ask you, Mr. Muench, whether you ever made any tender to the St. Louis Transit Company for Miss Bertrand, of $25? A. I did. I went out to the office of the St. Louis Transit Company, Claim Department, and made a tender of $25 to Mr. Palmer and to Mr. Harding.

"Q. Who are Mr. Palmer and Mr. Harding? A. Mr. Palmer is the general claim agent of the Transit Company.

"Q. And Mr. Harding is his assistant? A. Mr. Harding is his principal assistant.

"Q. Do you know when that tender was made, Mr. Muench—did you make any memorandum of it? A. I made a memorandum at the time. It was at 10:15 a. m. on February 27, of this year.

"Q. And they refused to accept it? A. They refused to accept the money."

This evidence shows that the twenty-five dollars was tendered for plaintiff, but it is contended by defendant that there is no evidence to show that the claim agent had any authority to receive it. He did not refuse to accept the tender on the ground of want of authority to do so, and it is pertinent to inquire here as to the officer of what department of defendant's multifarious business should the tender have been made, if not to the officer in charge of that department through

which the settlement had been made and the money paid? No point seems to have been made at the trial in respect to the sufficiency of the evidence to prove a tender, except as the same was incidentally made by the demurrer to the evidence. No instructions were asked or given submitting the issue of tender or no tender to the jury. Both parties seem to have either overlooked it or were satisfied that the proof of tender was sufficient. This court can not be called upon to determine an issue of fact which neither party submitted nor sought to submit to the jury for their decision, and we must conclude from the course pursued by the defendant in court below that it was satisfied the evidence was sufficient to prove a tender, and for this reason did not ask to have the issue submitted to the jury.

The judgment is affirmed. All concur.